# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-1361
Filed July 8, 2026

———————————

**State of Iowa,**
Plaintiff–Appellee,

v.

**Mark Lawrence Buster,**
Defendant–Appellant.

———————————

Appeal from the Iowa District Court for Guthrie County,
The Honorable Virginia Cobb, Judge.

———————————

**AFFIRMED**

———————————

Robert G. Rehkemper of Gourley, Rehkemper, & Lindholm, P.L.C., West
Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

———————————

Considered without oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Greer, P.J.

**GREER, Presiding Judge.**

"It is that simple." Mark Lawrence Buster asserts that a "fundamental flaw" with the search in this case "is that the name of the person searched did not match the name of the person requested nor authorized to be searched." After his motion to suppress was denied, Buster conditionally pled guilty to operating while intoxicated (OWI), third offense, a class "D" felony, in violation of Iowa Code section 321J.2(2)(c) (2024). He appeals the district court's denial of his motion to suppress, arguing his Fourth Amendment right against unreasonable searches was violated because the application and the search warrant used the last name "Butler," so (1) they did not establish probable cause because the warrant application identified the person to be searched by the wrong last name, and (2) the warrant was not sufficiently particular. The State counters that the application was supported by probable cause, and except for the last name mistake, the warrant contained information particular to Buster such that it met constitutional requirements.

We affirm the district court's denial of Buster's motion to suppress because we give great deference to the district court's finding of probable cause, which was supported by the application, and there was sufficient information identified throughout the application and warrant to particularly identify Buster as the person to search.

## I. Background Facts and Proceedings.

On October 12, 2024, Guthrie County Sheriff Deputy Shane Jones executed a traffic stop after observing a black truck, owned and operated by Buster, cross the center line repeatedly. During the stop, Deputy Jones noticed the smell of alcohol coming from Buster, along with other signs of intoxication. Buster admitted that he had consumed several alcoholic drinks

and refused to submit to field sobriety tests or a preliminary breath test. During this encounter, Deputy Jones conducted a warrantless search of Buster's vehicle, including a search of a closed cooler that contained several open and empty beer cans. Deputy Jones detained Buster, read him his *Miranda* rights, and transported him to the Guthrie County jail. Buster was held in a secure room while Deputy Jones applied for a search warrant. Deputy Jones mistakenly wrote the last name "Butler" rather than "Buster" on the application, but Buster's first and middle names were correct. The application also included Buster's correct birth year, sex, race, height, weight, eye and hair colors, license plate number, and his location at the Guthrie County jail. It further detailed the encounter above, including evidence of intoxication and Buster's prior offenses. A magistrate approved the application and issued a warrant to allow for the collection of a blood, urine, and/or breath specimen to determine Buster's blood alcohol content.

Once the search warrant was approved, Deputy Jones then gathered a sample of Buster's breath, which tested at a blood alcohol concentration level of .182. A blood alcohol concentration of .08 or more is presumptive evidence that a person is under the influence of an alcoholic beverage in Iowa.[1] After Buster was charged with an OWI, he filed a motion to suppress arguing, as he argues on appeal, (1) the application failed to establish probable cause for a search of his vehicle or the withdrawal and chemical testing of his breath, and (2) the warrant was not sufficiently particular. The State resisted, arguing that the misnomer was a scrivener's error, and the application and warrant were sufficiently particular. At first, the district court granted Buster's motion to suppress the search of the closed cooler in his vehicle but found the execution of the warrant was valid, so the breath test results were

---

[1] *See State v. Laub*, 2 N.W.3d 821, 824 (Iowa 2024).

admissible.  Buster moved for reconsideration, asking the court to separately address the issue of probable cause as to the warrant application and as to the search warrant.  In the ruling on the motion to reconsider, the court granted the motion to suppress, stating that "[t]he mere recitation of the evidence supporting the execution of the traffic stop does not rise to the level of probable cause to support the search warrant."  Next, the State moved to reconsider the new ruling suppressing the evidence, setting out the specific information contained in the warrant application that it alleged satisfied the probable cause requirement.  The court then reversed itself and reaffirmed the first ruling "regarding the defendant's name in the search warrant" and denied the motion to suppress, finding "there was probable cause asserted in the application, and the warrant was valid."  Buster appeals.

## II.  Error Preservation.

We must first address the issue of error preservation.  "[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).  However, "we will uphold a ruling of the court on the admissibility of evidence on any ground appearing in the record, whether urged below or not." *State v. McCowen*, 297 N.W.2d 226, 227 (Iowa 1980).

The State argues that Buster's probable cause argument should be deemed forfeited and waived because he failed to cite to any "authority on the critical issue of whether the provision of an incorrect surname in a warrant application negates the establishment of probable cause."  There is similarly a question as to whether Buster preserved his argument regarding probable cause under Iowa law.  Buster never asked the district court for a ruling on the application of the Iowa Code to his challenges, rather he only asked the court for a ruling under the Fourth Amendment.  Further, Buster

only makes this argument vaguely in his brief under his probable cause section and later in his reply brief under his particularity section. Without deciding, we address all arguments made in Buster's appellate briefing.

Finally, on appeal, the State argues that even if we determine the warrant was invalid, we should apply the good-faith exception to the exclusionary rule. *See Herring v. United States*, 555 U.S. 135, 144–45 (2009). Buster asserts that the State did not preserve error as to its good-faith exception argument because it was not raised or ruled on below. But we need not reach the good-faith exception argument given our opinion affirming the denial of the motion to suppress evidence.

### III. Standard of Review.

We review the denial of Buster's motion to suppress based on the violation of his Fourth Amendment right de novo. *See State v. Arrieta*, 998 N.W.2d 617, 620 (Iowa 2023). We evaluate each case considering its unique circumstances, and we are not bound by the district court's factual findings, though we give deference to them. *Id.*

### IV. Analysis.

Buster attacks the search under two specific arguments. First, he contends "that both the application and subsequently issued search warrant only referenced . . . Butler," with no other personal identifiers, and could not provide probable cause to search an individual named "Buster." Second, he contends the warrant issued for the search of an individual named "Butler" was not sufficiently particular to authorize a search of an individual named "Buster." Thus, Buster argues that the State violated his rights under the Fourth Amendment to the United States Constitution.

The Fourth Amendment prohibits issuing warrants "but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The requirements of probable cause and particularity are separate; a warrant may fail on either ground independently. *See Groh v. Ramirez*, 540 U.S. 551, 557 (2004). As such, we analyze each requirement separately in determining whether the district court erred in denying Buster's motion to suppress.

**A. Probable Cause.** Buster argues that the search warrant application did not establish probable cause to search him because it contained a different last name and did not include any other personal identifiers. Thus, while it may have established probable cause to search someone named "Butler," it could not provide probable cause to search Buster. Conversely, the State claims that a lack of personal identifiers falls under the issue of particularity and not probable cause because particularity is only required in the warrant itself, rather than in the application. *Id.* ("The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents.").

Even so, the State disputes Buster's argument about personal identifiers, claiming the application and warrant contained a list of identifying information about Buster, including his license plate number, birth date, sex, race, height, weight, eye and hair color, his correct first and middle name, his prior OWI convictions, and his then-current location in jail. The State alternatively claims that the warrant application furnished probable cause at the time the warrant was issued, and a mistake discovered retrospectively does not invalidate the warrant.

6

In our consideration of the probable cause challenge, we are unpersuaded by Buster's argument that there was no probable cause to issue the warrant. "As a reviewing court, we do not independently determine probable cause and instead merely decide whether the issuing judge had a substantial basis for concluding probable cause existed." *State v. McNeal*, 867 N.W.2d 91, 100 (Iowa 2015) (cleaned up). We give great deference to the magistrate's decision by "draw[ing] all reasonable inferences to support the [magistrate's] finding of probable cause" and interpreting "the affidavit of probable cause . . . in a common sense, rather than a hypertechnical, manner." *Id.* (citations omitted). We are "limited to consideration of only that information, reduced to writing, which was actually presented to the magistrate at the time the application for warrant was made." *State v. Godbersen*, 493 N.W.2d 852, 855 (Iowa 1992). In close cases, we uphold the warrant as valid. *See McNeal*, 867 N.W.2d at 100. Additionally, negligent mistakes discovered after a facially valid warrant is issued do not invalidate the warrant. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). "There is a preference for warrants and we construe them in a commonsense manner, resolving doubtful cases in favor of their validity." *State v. Angel*, 893 N.W.2d 904, 911 (Iowa 2017) (citation omitted).

Excluding the mistaken last name, we agree with the State that "[t]here is no question that the application furnished probable cause for the warrant that issued." In reviewing the information provided in the application, the magistrate would know Deputy Jones's observations of impairment, including the vehicle crossing the center roadway line, and Buster's bloodshot and watery eyes, droopy eyelids, slurred and mumbled speech, smell of alcohol, unsteady balance, and admission of alcohol consumption. When reading only the application, and reading it in a common-sense manner, the misspelling of Buster's last name does not negate

the probable-cause determination made by the magistrate. *See McNeal*, 867 N.W.2d at 100. The magistrate's decision that there was probable cause is supported by a substantial basis, and we are not at liberty to question that decision further. *See id.* Moreover, Deputy Jones's mistake when filling out the otherwise facially valid warrant application does not retroactively negate probable cause. *See Maryland v. Garrison*, 480 U.S. 79, 85 (1987). Because we must read the application in a common-sense manner and give great deference to the magistrate's findings, we conclude the warrant was supported by probable cause. So, we turn to the question of whether the warrant was sufficiently particular to allow the deputy to search Buster.

**B. Particularity.** Buster claims the wrong last name in the search warrant was a substantive mistake that failed to authorize the search. Additionally, Buster argues there was no other identifying information used in the application such that "an independent reasonable person with reasonable effort [could] ascertain and identify the person, place, or thing" to be searched as required by the Iowa Code. *See* Iowa Code § 808.3(1)(a). In opposition, the State argues that the warrant was particular in its description of Buster even though it had the wrong last name and that reasonable effort would have identified Buster as the appropriate person. The State also argues that there was no possibility that Deputy Jones would search the wrong person, as he detained Buster while he applied for and executed the warrant.

We start by examining the identifying information in the application and the warrant. Both documents included Buster's first name, birth year, sex, race, height, weight, eye color, hair color, license plate number, the type of vehicle he was driving, and his location in the Guthrie County jail. The application also had a listing of prior offenses that were particular to Buster.

The search warrant cover sheet even included Buster's social security number. Buster's repeated assertion that the application and warrant did not contain any personal identifiers is more restrictive than the record suggests.

The United States Constitution and "the Iowa Code[] require that the warrant and affidavits particularly describe what is to be searched and what is to be seized."[2] *State v. Randle*, 555 N.W.2d 666, 671 (Iowa 1996); *see also* U.S. Const. amend. IV; Iowa Code § 808.3(1)(a). "This important limitation guards the right of privacy from arbitrary police intrusion." *State v. Prior*, 617 N.W.2d 260, 263 (Iowa 2000). It also reduces the chance that an officer will search the wrong person or area mistakenly. *Id.* "The officer must be able to reasonably ascertain and identify the place or person to be searched so that nothing is left to the discretion of the executing officer." *Id.* Similarly, we "resolv[e] doubtful cases in favor of [the warrant's] validity." *Angel*, 893 N.W.2d at 911 (citation omitted). Slightly more restrictive is Iowa Code section 808.3(1)(a), which states: "The application shall describe the person . . . to be searched . . . with sufficient specificity to enable an independent reasonable person with reasonable effort to ascertain and identify the person. . . ." Again, this is not meant to be construed in a hypertechnical way. The description need not be perfect; instead, it should provide enough detail to allow the searcher to identify the person or place to be searched. *Randle*, 555 N.W.2d at 669.

Our supreme court has held that when a location was being searched, a warrant that excluded the city was still sufficiently particular because it "include[d] a physical description of the premises to be searched, the street address, apartment number, county, and state." *Id.* Here, the warrant used the name "Butler" instead of "Buster," however, it detailed Buster's birth

---

[2] Buster does not bring a claim under the Iowa Constitution.

year, sex, race, height, weight, eye and hair colors, license plate number, and his location at the jail.  "[A]n independent reasonable person," with only access to the information included in the warrant, would have been able to find Buster using "reasonable effort[s]."  *See* Iowa Code § 808.3(1)(a).

Other courts have also held that errors in the warrant do not invalidate it when "agents executing the warrant personally knew which premises were intended to be searched, and those premises were under constant surveillance while the warrant was obtained."  *United States v. Gitcho*, 601 F.2d 369, 372 (8th Cir. 1979).  The same principles should apply here, even though the search was conducted on a person rather than a premises.  Deputy Jones stopped Buster, detained him, and then applied for and executed the search warrant.  Deputy Jones managed the detention and the warrant process on his own and knew Buster personally.  *See United States v. Occhipinti*, 998 F.2d 791, 799 (10th Cir. 1993) ("[T]he knowledge of the executing officer can be considered in determining the sufficiency of the description.").  There was no chance that Deputy Jones would search the wrong person due to a mistake he made in spelling Buster's last name.

Buster relies on *West v. Cabell*, in which an arrest warrant was issued for West but contained the wrong first name, and the United States Supreme Court ruled that the warrant was invalid.  153 U.S. 78, 85–88 (1894).  He argues that *West* stands for the proposition that warrants "must specifically name" the person to be searched.  *See id.* at 86.  However, he is misguided in this reliance, as the warrant in *West* had an incorrect name *and* did not provide any descriptors related to West.  *See id.* at 85.  "The principle of the common law, by which warrants of arrest[,] in cases criminal or civil, must specifically name *or describe the person* to be arrested, has been affirmed in the

American constitutions. . . ." *Id.* at 86 (emphasis added). Thus, *West* is not Buster's saving grace.

Because the warrant included many descriptors that would identify Buster, even with the mistake related to his last name, we find the warrant was sufficient and satisfies the particularity requirement in the Fourth Amendment.

## V. Conclusion.

We affirm the district court's denial of Buster's motion to suppress on the basis that the warrant was supported by probable cause and was constitutionally particular.

**AFFIRMED.**